IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES BARNES<br><br>*Plaintiff,*<br><br>vs.<br><br>MITRA QSR KNE LLC d/b/a KFC<br><br>*Defendant.* | NO. 20-03010-NLH-AMD<br><br>CIVIL ACTION<br><br>CONSENT ORDER TO STAY CIVIL ACTION AND SUBMIT CLAIMS TO BINDING ARBITRATION BEFORE THE AMERICAN ARBITRATION ASSOCIATION ("AAA") |

The parties, by and through their undersigned counsel, hereby agree and stipulate as follows:

1. Plaintiff, James Barnes, filed a Complaint in this Court on March 18, 2020 (hereinafter referred to as "Plaintiff's Complaint") (ECF Doc. 1).

2. Defendant has asserted that Plaintiff agreed to arbitrate claims pursuant to a valid and enforceable arbitration agreement arising from, related to, and/or stemming from his employment and separation thereof, and that the claims asserted in Plaintiff's Complaint fall within the scope of the arbitration agreement. (See arbitration agreement attached hereto, incorporated herein by reference as though fully set forth, and marked Exhibit "A").

3. The Parties desire to avoid motion practice and promote judicial efficiency. Accordingly, the Parties have agreed and consented to arbitration of all claims contained in Plaintiff's Complaint with some modifications as noted herein.

4. The parties hereby consent and agree to submit the claims set forth in Plaintiff's Complaint to binding arbitration before AAA.

5. The parties agree and stipulate to proceed under AAA's Employment Arbitration Rules.

6. The parties stipulate and agree as follows as it relates to the applicable statute(s) of limitation(s):

    a. Notwithstanding any provision in the agreement to the contrary, the parties agree and stipulate that any federal claims Plaintiff had stemming from his former employment with Defendant shall be deemed timely in arbitration proceedings if they were initially filed with the Equal Employment Opportunity Commission ("EEOC") in a timely manner consistent with federal law.

    b. Notwithstanding any provision in the agreement to the contrary, the parties agree and stipulate that the statute of limitations as to any and all claims asserted in Plaintiff's Complaint shall be treated in arbitration as of the date initiated in federal court.

    c. Nothing in this Consent Order shall be construed so as to prevent Plaintiff from seeking to amend his claims in arbitration should the arbitrator decide the same permissible as a matter of law.

7. The parties agree and stipulate to hold an arbitration hearing in the Philadelphia, Pennsylvania area as mutually agreed upon by the parties and their counsel as opposed to Dallas, Texas, which is specifically required by the Agreement.

8. The parties stipulate and agree that pursuant to 9 U.S.C. § 3, the above-captioned matter shall be <u>stayed</u> pending arbitration proceedings. *See* <u>Lloyd v. HOVENSA, LLC.</u>, 369 F.3d 263, 269 (3d Cir. 2004).

9. Each party shall bear its own attorney's fees and costs relating to the arbitration, except as otherwise provided for by fee-shifting provisions in applicable law.

10. The parties agree and stipulate that Defendant shall pay for all arbitration costs in a manner consistent with Section 6 of the Agreement.

11. The Parties agree that, notwithstanding any provision in the Agreement to the contrary, Plaintiff may file his Demand for Arbitration with his federal pleading attached thereto with AAA following the approval of this Consent Order.

12. The Court shall retain jurisdiction to confirm the arbitration award, if any, and enter judgment, if any, for purposes of enforcement.

13. The parties shall jointly update the Court as to the status of the arbitration proceedings every six (6) months following the entry of this Stipulation and Order.

**SO ORDERED** this __26th__ day of May, 2020. The above consent order of the parties is **GRANTED**. This matter is hereby **STAYED** to allow for the completion of binding arbitration. Every six (6) months from the date of this Order, and no later than thirty (30) days after the entry of the arbitrator's decision or resolution of the claims, counsel for the Parties **SHALL** file a joint status report. The Court retains jurisdiction to confirm the arbitration award and enter judgment, if any, for purposes of enforcement. The Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this action. Defendant's MOTION to Stay the Complaint and Compel Arbitration [6] be, and the same hereby is, DENIED AS MOOT.

BY THE COURT:

_Noel L. Hillman_
NOEL L. HILLMAN
United States District Judge

At Camden, New Jersey

*We consent to the form, content, and entry of this Order:*

/s/ W. Charles Sipio
W. Charles Sipio, Esq.
Attorney for Plaintiff

/s/ Susan Kennedy
Susan Kennedy, Esq.
Attorney for Defendant